IN THE COURT OF APPEALS OF THE STATE OF IDAHO

Docket No. 41289

STATE OF IDAHO,                     )      2014 Unpublished Opinion No. 730
                                    )
        Plaintiff-Respondent,       )      Filed: September 18, 2014
                                    )
v.                                  )      Stephen W. Kenyon, Clerk
                                    )
BENNETT ROBERT SCALES,              )      THIS IS AN UNPUBLISHED
                                    )      OPINION AND SHALL NOT
        Defendant-Appellant.        )      BE CITED AS AUTHORITY
_____     )

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Deborah A. Bail, District Judge.

Judgment of conviction for felony domestic violence, affirmed.

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Daphne J. Huang, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Bennett Robert Scales appeals from the judgment of conviction entered upon a jury finding him guilty of felony domestic violence, Idaho Code §§ 18-903 and 18-918(2). Specifically, he challenges the district court's denial of his motion for a continuance. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Scales and his girlfriend were engaged in a heated argument during which Scales hit his girlfriend in the nose with an open palm, breaking her nose in multiple places. The State charged Scales with felony domestic violence. Scales pled not guilty to the charge and the case proceeded to trial before a jury.

At the close of the State's case-in-chief, defense counsel indicated that Scales intended to take the stand and testify in his own defense. However, Scales requested that he delay his testimony until the following day. Construing this request as a motion to continue, the district

1

court offered Scales a recess to confer with counsel. Upon returning from that recess, Scales asserted that he felt like he was being rushed into testifying and that a continuance would allow him to be more relaxed. Recognizing that testifying is stressful, but noting that it was the time set for trial and the jury was present, the district court denied Scales' motion. After the court denied his request to postpone his testimony, Scales chose not to testify.

The jury found Scales guilty of felony domestic violence. The trial court imposed a unified ten-year sentence with a two-year determinate term. Scales timely appeals.

## II.

## ANALYSIS

The decision to grant a motion for a continuance rests within the sound discretion of the trial court. *State v. Ransom*, 124 Idaho 703, 706, 864 P.2d 149, 152 (1993). When a trial court's discretionary decision in a criminal case is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989). Generally, it has been held that unless an appellant shows that his or her substantial rights have been prejudiced by reason of a denial of his or her motion for continuance, appellate courts can only conclude that there was no abuse of discretion. *State v. Cagle*, 126 Idaho 794, 797, 891 P.2d 1054, 1057 (Ct. App. 1995).

"Trial judges necessarily require a great deal of latitude in scheduling trials." *Id.* The burden of assembling the witnesses, lawyers, and jurors at the place and time for trial "counsels against continuances except for compelling reasons." *Id.* In deciding whether the denial of a continuance was so arbitrary as to violate due process, the reviewing court looks to the circumstances of each case, "particularly in the reasons presented to the trial judge at the time the request [was] denied." *State v. Carman*, 116 Idaho 190, 198, 774 P.2d 900, 908 (1989) (quoting *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964)). On appeal, Scales argues that the denial of his requested recess deprived him of his right to effective assistance of counsel and of his right to

2

due process.[1] Scales also argues that his request was reasonable given that the parties and the court understood that the trial could extend into a second day.

The State argues Scales had five months from the time he was charged until his trial commenced to confer with counsel and decide whether or not to testify at trial and thus his mid-trial request was not justified. Although it is not presented in the record how much time Scales actually spent with his counsel, he did not argue unfair surprise at trial when he requested additional time. Rather, by his own statement to the court, Scales had initially decided and was prepared to testify, but ultimately chose not to.

Scales has failed to demonstrate that his substantial rights were prejudiced by the denial of his motion for a continuance. At trial, when he made his request for a continuance, he sought to delay testifying until the following day. In response to this request, the trial judge suggested a five-minute recess to allow Scales to consult with is attorney. Following the short recess, Scales maintained his position, asserting he was "being pushed a little too quickly" to testify and "[he] would be a little bit more relaxed" if he were permitted to testify at a later time. The court denied the motion, acknowledging that Scales was feeling emotional, but also noting that "trials are stressful" and "it's not unusual for people to feel . . . a little stressed out at this situation." The court further reasoned, "The jury is here. The jury is present. This is the day set for trial, so we need to proceed." The court also attempted to ease Scales' emotions by suggesting he drink some water and repeatedly encouraged him to take all the time he needed when testifying, ultimately finding there would be no benefit in delaying his testimony until the following day. However, Scales chose not to testify.

Every criminal defendant has to make the final decision at trial as to whether or not to testify in his or her defense. This case is no different. In our view, the record shows that in response to the reasons Scales presented to the trial judge for his request, the judge exhibited empathy for the stress Scales was feeling from the trial and patience for him to present his testimony to the jury. In the end, Scales did not suggest to the court that he had a need to consult with counsel regarding trial testimony. After the break, he simply said he wished to be more

---

[1] Not only were these arguments not presented to the trial judge at the time Scales made his request, but they are contrary to his argument presented at trial that he would be more relaxed if he were allowed to postpone testifying. Therefore, we need not entertain these arguments. *See State v. Carman*, 116 Idaho 190, 198, 774 P.2d 900, 908 (1989).

relaxed.  On this record, we cannot say that the trial court abused its discretion in denying Scales' motion for a continuance.  It was within the trial court's discretion to determine that the inherent stress that accompanies trials was not a compelling reason to continue, and therefore to proceed with trial on the day scheduled and not postpone into a second day of trial.  The trial court reached its decision by an exercise of reason.

## III.

## CONCLUSION

The trial court did not abuse its discretion in denying Scales' motion for a continuance. Accordingly, Scales' conviction is affirmed.

Judge LANSING and Judge MELANSON **CONCUR**.